FANNIE B. McGOWN vs. INHABITANTS OF WASHINGTON.

Knox.    Opinion December 13, 1911.

*Highways.    Defective Culvert.    Notice.    Evidence.    Statutes, 1903, chapter 108.
Revised Statutes, chapter 23, section 76.*

In an action against a town to recover damages for injuries caused by a defective culvert or causeway, *held* that the case upon the evidence should be submitted to the jury to determine whether the road commissioner, when he inspected the causeway, was charged with notice of the conditions which caused the plaintiff's injury, and whether these conditions constituted a defect.

If a road commissioner, being notified of a defective culvert, delegated to another performance of his duty to repair, under Revised Statutes, chapter 23, section 76, as amended by Laws 1903, chapter 108, and such person failed to make the culvert safe, his knowledge of the defect and failure to repair were the knowledge and failure of the commissioner, the same as if the latter had performed the work himself; and no further notice was necessary to charge the town with liability for a resulting injury.

Notice to a road commissioner of a defect in a culvert continues until the defect is repaired.

On exceptions by plaintiff.    Sustained.

Action on the case to recover damages for personal injuries alleged to have been received by the plaintiff while travelling with a horse and wagon along a highway in the defendant town, and caused by an alleged defect in a culvert or causeway in said highway.    Plea, the general issue.    At the conclusion of the plaintiff's evidence, and on motion of the defendants, "the presiding Justice ruled pro forma ordering a nonsuit," and the plaintiff excepted.

The case is stated in the opinion.

*Williamson, Burleigh & McLean*, for plaintiffs.

*Lindley M. Staples*, for defendants.

SITTING :  WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, HALEY, JJ.

SPEAR, J.    This was an action against the defendant town to recover for injuries alleged to have been received by the plaintiff by

reason of a defect in a culvert or causeway located in the defendant town, which it is admitted it was the duty of the town to keep in repair so that it should be safe and convenient for travelers. At the conclusion of the plaintiff's evidence the presiding Justice ordered a nonsuit and the case is here upon exceptions to the order. The only question involved in the exceptions which contain a full report of the testimony is whether the defendant had twenty-four hours actual notice of the alleged defect as required by statute as a prerequisite to the maintenance of her action.

There are two grounds upon which the plaintiff contends the defendant had the notice required. First, she claims that, having had notice of the defective condition of this causeway some months before, and having authorized and directed one Hubbard to repair it, the road commissioner, William W. Light, in person, in June, about two months before the accident and after Hubbard had repaired it, inspected the causeway as repaired, had an opportunity to discover the conditions constituting the alleged defect, and therefore had notice of the actual condition of the causeway which the plaintiff claims was a defect. It is the opinion of the court that the evidence in the case might warrant a jury in finding all these facts in favor of the plaintiff. Therefore inasmuch as it is not for the road commissioner to determine whether the actual condition which he saw or ought to have seen was a defect, but a question of fact for the jury, we feel clear that the case upon the evidence should be submitted to the jury to determine whether the road commissioner in June when he inspected the causeway was charged with notice of the conditions which caused the plaintiff's injury, and whether those conditions constituted a defect. If upon this question the jury's finding should be in the affirmative, the plaintiff would not be barred for want of notice.

Second, the plaintiff contends that the road commissioner having personally received notice of a defect in the culvert in question and having authorized George Hubbard "to fix that causeway," George Hubbard was appointed "to act as a substitute for" the commissioner in making the repairs, under R. S., ch. 23, sec. 76, as amended in 1903, ch. 108. Section 76, with the amendment in brackets

provides that a notice is sufficient "if the commissioners of such county or the municipal officers or road commissioners of such town, (or any person authorized by any commissioner of such county or any municipal officer, or road commissioner of such town, to act as a substitute for either of them) had twenty-four hours actual notice of the defect or want of repair." It is the opinion of the court that independent of the amendment Hubbard represented the commissioner upon the question of notice, as hereafter discussed. It is contended, however, that this question must be declared res adjudicata under the decisions of the court in *Rich* v. *Rockland*, 87 Maine, 188, and *Emery* v. *Waterville*, 90 Maine, 487. After these decisions the statute was amended, laws of 1903, ch. 108, by inserting the above quotation. Whether the amendment of the statute authorizing notice to a substitute would affect the conclusion of the opinions in the cases cited, it is unnecessary to determine as these cases have no application whatever to the facts in the case at bar. In both the Rockland and Waterville cases there was no defect which the employees or agents were sent to repair. In each case they were directed to do a safe thing by way of constructive work and did just the contrary. Each was ordered to construct a safe and convenient place but instead created a defect, of which the commissioner had no actual notice. In the Waterville case the court say, "a crosswalk in itself is not a defect. To know of a crosswalk is not to know of a defect."

Not so, however, in the case at bar. The case starts with an alleged defect. The road commissioner had notice of it. Under the statute he was charged in the premises with an obligation to the public. It was his positive and imperative duty after twenty-four hour's notice to know that the defect was repaired. The statute must be regarded as mandatory upon the strict performance of this duty, for upon its full and complete execution may depend the life or limb of a lawful traveler. In case of the defect in question the road commissioner did not direct Hubbard to construct anything new, as was done in the Waterville and Rockland cases, but to repair what had become unsafe and dangerous. He did not send Hubbard to build a new piece of work which he might assume would

be constructed in accordance with his orders; he sent him without specifications to make the repairs necessary to overcome the danger. He left the efficiency of the work to be done entirely to the judgment of Hubbard. It was the performance of a duty which the statute imposed upon the commissioner. When he delegated that duty to the discretion and judgment of Hubbard he made him his agent to do the work. If, therefore, the commissioner was notified of this alleged defect and relied upon the judgment of Hubbard to repair it, and Hubbard failed to make it safe and convenient, as required by statute, then the knowledge and act of Hubbard was, independent of the amended statute, the knowledge and act of the commissioner precisely as if the latter had performed the work himself, and no further notice was necessary. *Holmes* v. *Paris,* 75 Maine, 559; *Buck* v. *Biddeford,* 82 Maine, 433.

There is another phase of the case which requires that it should be submitted to the jury. Some eight or nine months before the date of the accident complained of, the commissioner admits he received notice of an alleged defect in the identical causeway upon which the plaintiff was injured. It also appears that Hubbard was directed to repair it. It is claimed that what he did, whatever it was, failed to accomplish the purpose; that the identical defect of which the commissioner was notified continued unabated; and was the one upon which the plaintiff was injured. If the jury should find affirmatively upon these questions then the notice to the commissioner would continue to be valid until it was shown that the defect was so repaired that the causeway was safe and convenient.

*Exceptions sustained.*